**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

T. HANNAFORD, No. 285314,

      Plaintiff,                              Civil Action No. 2:13-CV-14223

v.                                     Honorable Denise Page Hood
                                       United States District Judge

UNKNOWN,

      Defendant.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**
**and FINDING ANY APPEAL FRIVOLOUS**

This matter is before the Court on T. Hannaford's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges she is a prisoner currently confined at the Huron Valley Women's Facility in Ypsilanti, Michigan. The Court has reviewed Plaintiff's complaint and now summarily dismisses the complaint.

I.

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001). To establish a *prima facie* case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

A *pro se* civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

II.

The complaint alleges:

-The State of Michigan MDOC and Doc Rignal (sic?) Jackson Administration not reporting CFA (sic?) Last time disposition, PST (sic?) He dated in 2005 and created charge entered. -The health care - not reporting services on 2007 last classification transferred cleared and need met. Lack of treatment, physical appointments, and ride

2

out for bone specialist permanent damages refused even shoe detail. And restriction lifted from property rm and quatermaster.

Inmate wants decest (sic) CFA (Sic?) lifer lock released and replaced beginning new case entered three charges and pending cases were cleared in 2005 by State entered updated and detainer lock followed by upon release. I am 10 yr and over that qualifies by head placement transportation and child support on all released requirement and mental health need follow up referral. I needed partial (sic?) here done for to (sic?) teeth missing was denied need this in records nothing showing and refused waiting lost partials. Need effectious (sic) dental and mental to report services start and released dates not reported no records.

Complaint, p. 3

Plaintiff has also attached nearly 200 pages of copies of grievance forms apparently filed with the Michigan Department of Corrections as well as other records. Most, but not all, of the grievances appear to relate to medical care. Plaintiff has apparently written notes in the margins of many of the copies, perhaps in an attempt to make further allegations. These notes are also virtually indecipherable. Lastly, the complaint does not name any defendants.

Liberally construing Plaintiff's complaint, it appears Plaintiff is asserting an Eighth Amendment claim for deliberate indifference to serious medical needs.  In order to state a cognizable claim under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 102-03 (1976).  Two factors must be established to state an Eighth Amendment claim under 42 U.S.C. § 1983:  1) the alleged deprivation is, objectively, "sufficiently serious"; and 2) the prison official acted with "deliberate indifference" to inmate health or safety. *Id.*  The Court finds Plaintiff has failed to state a claim upon which relief may be granted under the Eighth Amendment.  Although her condition may be serious, Plaintiff has failed to allege specific prison officials who acted with deliberate indifference to her health.

III.

For the reasons set forth above,

**IT IS HEREBY ORDERED**, therefore, that Plaintiff''s complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that any appeal by Plaintiff from this Order is frivolous and not taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore,* 114 F.3d at 610-11 (6th Cir. 1997).

**S/Denise Page Hood**
**Denise Page Hood**
**United States District Judge**

**Dated:  October 31, 2013**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2013, by electronic and/or ordinary mail.**

**S/LaShawn R. Saulsberry**
**Case Manager**

4